IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02179-RBJ-MEH

ARTHUR WALKER,

      Plaintiff,

v.

KNAPIC, and
TRESCH,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Michael E. Hegarty, United States Magistrate Judge**.

In his Prisoner Complaint ("Complaint"), ECF 1, Plaintiff Arthur Walker ("Plaintiff") asserts claims pursuant to 42 U.S.C. § 1983 against Defendants Gerald Knapic and Anthony Tresch (collectively, "Defendants") in their individual and official capacities. Following a ruling on a previous motion to dismiss, Plaintiff's only remaining claims against Defendants are for injunctive relief in their official capacities and monetary damages in their individual capacities. *See* ECF 47 (accepting and adopting ECF 38). Defendants have filed the present motion to dismiss ("Motion") pursuant to Fed. R. Civ. P. 12(b)(1), seeking dismissal of the official capacity claims. ECF 80. The Motion has been referred by District Judge R. Brooke Jackson for a recommendation. ECF 81. Although Defendants have not filed a reply, the Court finds that additional briefing would not materially assist it in adjudicating the Motion. *See* D.C.Colo.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). As set forth below, this Court respectfully recommends granting Defendants' Motion.

## BACKGROUND

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by the Plaintiff in his Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(1) pursuant to *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

Plaintiff, a pro se prisoner, alleges that that Defendants violated his First and Fourteenth Amendment rights while at Buena Vista Correctional Facility ("BVCF").  Compl. at 4.  Plaintiff contends that as a result of filing grievances, Defendant Knapic called him racial slurs and placed him in segregation.  *Id.*  As to Defendant Tresch, Plaintiff asserts that his request to be transferred to a cell with a white inmate was refused, because Defendant Tresch did not want to place "N****** with good white inmates."  *Id.*  Plaintiff seeks both monetary damages and injunctive relief in the form of a transfer to Arrowhead Correctional Facility and policy changes.  *Id.* at 8.

## LEGAL STANDARDS

### I.    Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of

2

jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present Motion is a facial attack on subject matter jurisdiction; therefore, the Court will accept the truthfulness of the Complaint's factual allegations.

## II.    Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

Plaintiff asserts claims against Defendants for alleged violations of his First and Fourteenth Amendment rights pursuant to 28 U.S.C. § 1983. Defendants seek dismissal of only the injunctive relief claims. They contend that Plaintiff has been transferred to a different facility, so his claims for injunctive relief are moot. On July 12, 2021, Plaintiff filed a Notice of Change of Address, indicating that he had been transferred to Sterling Correctional Facility ("SCF"). ECF 72. Plaintiff was previously housed at BVCF, the facility at which Defendants work. *See* ECF 1.

"When a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief . . . and then that prisoner is subsequently transferred to another prison or released from the prison system, courts are presented with a question of possible mootness." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). The question of mootness concerns whether "a definite controversy exists throughout the litigation and whether conclusive relief may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action." *Id.* at 1024. If a claim is moot, or becomes moot throughout the course of the litigation, the court lacks subject matter jurisdiction. *See Rio Grande Silvery Minnow v. Bur. of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "An inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement." *Bueno v. Chekush*, 355

4

F. Supp. 3d 987, 1001 (D. Colo. 2018) (quoting *Mitchell v. Estrada*, 225 F. App'x 737, 741 (10th Cir. 2007)).

Here, Plaintiff requests a transfer from BVCF to Arrowhead Correctional Facility because he fears for his life and safety.  ECF 1 at 8.  But Plaintiff is no longer at BVCF.   He is no longer under the custody or control of BVCF or Defendants, nor is he subject to conditions of confinement imposed by either.[1]  It makes no difference that BVCF and SCF are both Colorado Department of Corrections prisons.  In *Jordan*, the inmate raised First Amendment challenges to implementing regulations that were applied throughout the Bureau of Prisons ("BOP") system.  654 F.3d at 1029. He argued that being transferred to another BOP facility did not prevent the court from fashioning an equitable remedy.  *Id.*  The Tenth Circuit disagreed because the prisoner "never sought relief on a system-wide basis against the BOP."  *Id.*  The prisoner only sought relief from "individual BOP officials at specific penal institutions" and not from the BOP itself or its director.  *Id.*  In other words, the prisoner failed to sue "defendants who [were] actually situated to effectuate any prospective relief that th[e] court might afford him."  *Id.* at 1030.  The same is true of Plaintiff in this case.  He has not sued SCF or any SCF official with power to effectuate the relief he seeks.

Because Plaintiff has been transferred to SCF, "an entry of equitable relief in his favor 'would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him.'"  *Jordan*, 654 F.3d at 1027 (quoting *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997)).  Consequently, Plaintiff's request to be transferred from

---

[1] Plaintiff also has not demonstrated "a reasonable expectation that he will be transferred back to [BVCF] and be subject to the alleged conduct again."  *Bueno*, 355 F. Supp. 3d at 1001–02.

BVCF is moot. [2]  *Id.* ("[C]ourts have routinely dismissed such penitentiary-specific conditions-of-confinement claims as moot.").

Moreover, Plaintiff's request for policy change is also moot.  If Plaintiff's request for policy change is specific to BVCF, the claim is moot for the same reasons just described.  If Plaintiff seeks change throughout the Colorado Department of Corrections system, a separate analysis is necessary.  "[W]here a prisoner brings a lawsuit challenging policies that apply in a generally uniform fashion throughout a prison system, courts have been disinclined to conclude that the prisoner's declaratory or injunctive claims are moot, even after he has been transferred to another prison in that system." *Id.* at 1028.  However, the claim is still moot if the prisoner "seeks equitable relief and *only* sues prison officials at the transferor institution—that is, the institution where he was *formerly* incarcerated." *Id.* at 1028–29 (emphasis in original).  In this case, Plaintiff has only named officials from BVCF as defendants.  As such, even if Plaintiff's claim sought system-wide policy change, his claim would still be moot.  Because Plaintiff's injunctive relief claims are moot, they should be dismissed without prejudice pursuant to Rule 12(b)(1).  *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010).

### CONCLUSION

The Court respectfully recommends **GRANTING** Defendants' Motion [filed August 3, 2021; ECF 80] as follows: dismiss without prejudice the official capacity claims for injunctive relief pursuant to Fed. R. Civ. P. 12(b)(1).[3]

---

[2] In Plaintiff's response, he argues that the injunctive relief claims should not be dismissed because he was not transferred to the facility of his choice (Arrowhead), and there are ongoing constitutional violations occurring at SCF.  ECF 87.  But, again, Plaintiff's lawsuit is not against SCF or SCF officials who would have authority to grant Plaintiff his sought relief; rather, Plaintiff's claims seek relief only from BVCF officials who cannot effectuate the relief.

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

Respectfully submitted this 30th day of August, 2021, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court.  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).