IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02179-RBJ-MEH

ARTHUR WALKER,

    Plaintiff,

v.

KNAPIC, and
TRESCH,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's filing at ECF 85 titled, "D.C.Colo.LCivR 30.3 Sanction for Abusive Deposition Conduct." Defendants have filed a response to the filing. ECF 87. Subsequently, the filing was construed as a motion and referred to this Court. ECF 89. However, the filing does not request relief from the Court. Plaintiff describes his deposition, at which, he contends, Defendants' counsel asked "the same questions over and over again." Despite this, Plaintiff does not describe what sanctions he seeks, nor does he elaborate on any sought relief from the Court. As such, the motion should be denied on that ground.

    Even if this was a proper motion, Defendants' response is persuasive that no sanctionable conduct occurred at the deposition regarding the repeated asking of questions. A party seeking deposition sanctions must "identify language or behavior that impeded, delayed, or frustrated the fair examination of the deponent." *Nichols v. Denver Health & Hosp. Auth.*, No. 19-cv-02818-DDD-KLM, 2020 WL 5517355, at *2 (D. Colo. Sept. 14, 2020). Plaintiff has not done so here.

Defendants attach a transcript of the deposition. ECF 87-1. The transcript demonstrates that Defendants' counsel did not engage in abusive conduct by asking the same question repeatedly. Instead, counsel asked Plaintiff a question about whether he asked a lieutenant to be cellmates with another inmate. *Id.* at 115:14–15. Plaintiff responded in the affirmative. *Id.* Counsel then inquired if the other inmate also asked the lieutenant. *Id.* at 115:16. Plaintiff responded defensively, stating, "No. Listen, you're trying to create something. You're trying to throw us off. Let's not even go there." *Id.* at 115:17–19. Plaintiff then provided a longer explanation, but counsel never again asked Plaintiff that same question.

Additionally, the Court finds no basis for sanctioning Defendants based on Plaintiff's conclusory allegations that Defendants' counsel interrupted Plaintiff while he was answering. If anything, the deposition transcript indicates that Plaintiff spoke over counsel. *Id.* 115:24–25. Further, the Court also notes that Plaintiff requested analogous, vague sanctions in another case.[1] *Walker v. Mazzotti*, No. 16-cv-02221-RBJ-MEH (D. Colo. Aug. 8, 2018) at ECF 166. There, District Judge R. Brooke Jackson denied Plaintiff's motion on similar grounds. *Id.* (Sept. 14, 2018) at ECF 177 ("I do not find any sanctionable conduct occurred in the government's deposition of Mr. Walker, and, therefore the motion for sanctions is denied.").

Finally, Plaintiff appears to try and alter testimony he gave at the deposition. ECF 85 ("I am now going to correct [my answer]."). Rule 30(e) of the Federal Rules of Civil Procedure outlines how a deponent may make "changes in the form or substance of the deposition." As District Judge Jackson has noted,

> [t]he purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name

---

[1] The Court raises this issue because the deposition transcript indicates that Plaintiff told Defendants' counsel that he is "notorious for filing sanctions, you know, abuse of deposition content." ECF 87-1 at 5:6–8.

to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath.

*F.T.C. v. Dalbey*, No. 11-cv-01396-RBJ-KLM, 2013 WL 941821, at *3 (D. Colo. Mar. 11, 2013). After all, "[a] deposition is not a take home examination." *Id.* (citing *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002)). Therefore, to the extent Plaintiff seeks to change the answer he gave under oath, such a request is denied.

For the reasons described herein, Plaintiff's construed motion at ECF 85 [filed August 5, 2021; ECF 85] is **denied.**

Dated at Denver, Colorado, this 7th day of September, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

3